UNITED STATES of America v. Charles B. MATSINGER, Appellant.

No. 10354.

United States Court of Appeals Third Circuit.

Argued Jan. 18, 1951.

Decided Jan. 19, 1951.

Louis Mitchell Paul, Philadelphia, Pa. (appearing for John M. Smith, Jr., Philadelphia, Pa., attorney for appellant), for appellant.

Motion not opposed (Gerald A. Gleeson, U. S. Atty., Philadelphia, Pa., for appellee).

See also 92 F.Supp. 516.

Before GOODRICH, KALODNER and STALEY, Circuit Judges.

PER CURIAM.

The appellant in this case has asked the Court this day for a further extension of time in which to file the brief and appendix out of time. This petition is made through counsel. Ordinarily this matter is handled without opinion and is granted on every occasion where the Court feels that the request is made in good faith and upon reasonable grounds. The situation differs in this instance.

On January 4, 1951 this appellant asked for an extension of time for filing his brief and appendix to January 20, 1951. He said that by reason of circumstances beyond his control he had been unable until the week just past to raise the funds necessary for transcribing the notes of testimony and printing his brief. He said "That said funds are now available and the transcription of the testimony was ordered from the Stenographer on Thursday, December 28, 1950." This was all sworn to.

In this second petition for extension of time it is alleged by the appellant, through counsel, that "it will be impossible to have a transcript of the case ready for approximately five weeks." The letter from the Court Reporter attached to the petition indicates that the Reporter is willing to proceed to transcribe the testimony in the case upon receipt of a deposit of $500. It developed upon the oral presentation of the motion that the $500 has not yet been paid to the Reporter, although counsel told the Court that he had just this morning received the money and was ready to make the payment forthwith.

It is quite obvious to us that the Court has not been given the benefit of truthful statements in this matter. Nor is it an instance where we say that the mistakes of counsel should not be visited upon the client. The January 4th application was signed and sworn to by the client himself. It misstates facts to the Court.

The motion for further extension is denied.